**Ben CUTLER et al., Plaintiffs,**

v.

**AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA and Associated Musicians of Greater New York, Local 802, Defendants,**

v.

**Del CASTILE et al., Applicants for Intervention.**

United States District Court
S. D. New York.
Oct. 24, 1963.

**254**

Godfrey P. Schmidt, New York City, for plaintiffs.

McGoldrick, Dannett, Horowitz & Golub, New York City, for defendant American Federation of Musicians; etc.; Emanuel Dannett, Herbert D. Schwartzman, Eugene Mittelman, New York City, of counsel.

Ashe & Rifkin, New York City, for defendant Associated Musicians of Greater New York; David I. Ashe, New York City, of counsel.

LEVET, District Judge.

This is a motion by 25 applicants to intervene in this action. Two prior motions for intervention have been granted to other applicants effecting an addition of approximately 78 plaintiffs to the original seven who brought the action.

A knowledge of the prior litigious history of this case will be assumed. See Cutler v. American Fed. of Musicians, 211 F.Supp. 433 (S.D.N.Y.1962), aff'd 316 F. 2d 546 (2 Cir. 1963), certiorari denied 375 U.S. 941, 84 S.Ct. 346, 11 L.Ed.2d 272 (1963). The present motion seeks permissive intervention under Fed.R.Civ. P. 24(b). There can be little doubt that the claims of the proposed intervenors share common questions of law and fact with those of the original parties. The only question is whether the court should exercise its discretion in permitting intervention, taking into account all of the relevant circumstances.

Were this anything but the *sui generis* case it is, there would seem very little reason for permitting intervention which would raise the total number of plaintiffs to approximately 110. Counsel for the proposed intervenors, who also represents all the intervenors previously admitted as well as the original plaintiffs, expressly disavowed any intention to urge that this is a class action. (SM 14–15, 17, 67, Sept. 26, 1963.) Yet there are here unique circumstances which cannot be overlooked. At the annual convention, the defendants abolished the 10% traveling surcharge, effective January 1, 1964. Seeing that this case would be potentially moot after that date, I asked counsel whether they would consult with their clients and seek some modus operandi for the intervening three months. The parties were unable to reach an accord. The defendants, as is permitted under presently existing injunction orders, continue to fine and expel union members who refuse to pay the challenged tax. The proposed intervenors are orchestra leaders whose livelihood depends in some part on their continued membership in the Federation and the availability of musicians. Defendants argue that they afford to all orchestra leader-employers in the single engagement field, whether intervenors or not, the benefits of the preliminary injunction order. This is, in my opinion, insufficient to deny intervention. Where the rights are of such value, as here, they should not depend upon the continued sufferance of one of the parties.

Balancing all the factors, including the manageability of the trial and

whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties," Fed.R. Civ.P. 24(b), I shall permit intervention subject to the following conditions:

1. That plaintiffs and intervenors have no further discovery;

2. That the proposed intervenors be promptly made available to the defendants for examination should the defendants so desire.

I do not, of course, express any opinion, either directly or inferentially, as to any future applications for intervention.

 Plaintiffs' counsel also seeks to change the modus operandi of future interventions by eliminating the standard motion procedure and permitting intervention upon the basis of the present application provided the proposed intervenors "submit an affidavit of intervention in form substantially similar to the accompanying affidavits of intervention on this motion and provided further that each of such future applicants for intervention file with this Court a bond for costs and disbursements in the amount of $250.00." That the open-ended intervention procedure is unique is unquestioned. The affidavits referred to by counsel are mimeographed forms which set forth this court's prior findings in this action. Their method of execution by the present intervenors is perhaps typical. Several affiants failed to complete paragraph 6 which reads: "(6) I maintain my office at ." See, e. g., Castile, Rader. Others chose to answer each paragraph "yes" or "no" indicating whether they did or did not do what the paragraph said. See, e. g., Hankins, Doll. Others swear they do not wish to pay New York Local 802 1½% tax when they live in such places as Kingston, Pennsylvania and Jefferson County, Wisconsin, and there is no indication that they are members of Local 802. The affidavits are executed in what may fairly be described as a perfunctory manner. To

permit open-ended intervention with no judicial control to this burgeoning law suit would be tantamount to judicial abdication. This case is unique, but not that unique. The motion to permit open-ended intervention is denied.

I have already dealt at oral argument (SM 46–47, September 26, 1963) with defendants' motion to strike the affidavit of plaintiffs' counsel. Hopefully, my comments from the bench will suffice.

Settle order on notice.